# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5406 | **DATE** | March 31, 2004 |
| **CASE TITLE** | K. Garth-Richardson v. U of Illinois at Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Richardson's application to proceed *in forma pauperis* [2-1] and his "Petition for an Extraordinary Writ, Motion for Hearing on the Merits, and Petition for Change of Venue" [5-1,5-2,5-3] are both denied. Richardson's complaint is dismissed without prejudice to refiling an amended complaint. If an amended complaint is not filed by April 21, 2004, the dismissal will be with prejudice. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices MAILED by judge's staff. | | APR __ 2004 | | |
| | Notified counsel by telephone. | | APR 01 2004 date docketed | | 6 |
| X | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | | |
| | Copy to _____ | | | date mailed notice | |
| | KAM | courtroom deputy's initials | 2004 MAR 31 PM 4:00 | KAM | |
| | | | Date/time received in Central Clerk's Office | mailing deputy initials | |
| | | | (Reserved for use by the Court) | | |

03-5406.041-TCM                                                March 31, 2004

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

K. GARTH-RICHARDSON,       )
                           )
        Plaintiff,         )
                           )
    v.                     )    No. 03 C 5406
                           )
UNIVERSITY OF ILLINOIS AT CHICAGO, )
et al.,                    )
                           )
        Defendants.        )

DOCKETED
APR 0 1 2004

## MEMORANDUM OPINION

Before the court is plaintiff's application to proceed *in forma pauperis*. For the reasons set forth below, the application is denied and the complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).

## DISCUSSION

*Pro se* plaintiff K. Garth-Richardson brings this action against the University of Illinois at Chicago ("UIC" or "the University") and several of its employees alleging discrimination under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("the ADA"), the Rehabilitation Act, 29 U.S.C. §§ 791, *et seq.*, and various federal civil rights laws.[1]

---

[1] Richardson originally filed his complaint in the United States District Court for the District of Columbia, before it was transferred to this court pursuant to 28 U.S.C. § 1406(a). See Richardson v. UIC, No. 03-1291, Order, at p. 1 (D.D.C. June 3, 2003) ("ADA and Rehabilitation Act actions must be brought in the judicial district in the state where the alleged wrongdoing was

Along with his complaint, Richardson has filed an application to proceed *in forma pauperis*. The federal *in forma pauperis* statute, codified at 28 U.S.C. § 1915, is designed to provide indigent litigants meaningful access to the courts. See Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Under the statute, we may authorize Richardson to proceed *in forma pauperis* if he demonstrates an inability to pay the required court fees and costs. See 28 U.S.C. § 1915(a)(1). Although he must show that he cannot simultaneously pay court costs and provide for life's necessities, he "need not be absolutely destitute in order to enjoy the benefit of § 1915." Zaun v. Dobbins, 628 F.2d 990, 992 (7th Cir. 1980).

In his affidavit, Richardson states that he is presently employed by "Mount. Of Olives; Yeshiva Micro. Bio Agri. Genetics; Yeshiva," a company he founded in 1998, but from which he earns no income. His only source of income is monthly social security and disability payments which total $556.00. He has no savings, real property, automobile, or any other valuable assets (excluding ordinary household furnishings and clothing). On these facts, Richardson has demonstrated his inability to pay court costs.

Our section 1915 inquiry, however, does not end with a

---

committed, where the relevant records are maintained and administered, or, if the action cannot be brought in either of the preceding districts, in the judicial district where defendant's principal office is located. *See* 42 U.S.C. § 12117(a).")

finding of indigency. To prevent abuse of the broad access permitted by the statute, we also conduct an initial review of the complaint and will dismiss the action if we determine that it: (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

On the "failure to state a claim" factor, we apply the same standard as we would for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). Allegations of fact are taken as true, and all reasonable inferences are drawn in the plaintiff's favor. Hickey v. O'Bannon, 287 F.3d 656, 657-58 (7th Cir. 2002). Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the allegations would entitle the plaintiff to relief. Id. at 657. All that is required is "a short and plain - that is, 'nonjargonistic' - statement of the facts constituting a claim." Swofford v. Mandrell, 969 F.2d 547, 549 (7th Cir. 1992); see Fed.R.Civ.P. 8(a). Finally, where we are reviewing a complaint filed *pro se*, we have a special responsibility to construe its allegations liberally. See Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 555 (7th Cir. 1996).

The complaint here consists primarily of lengthy excerpts from statutes and case law, and provides little in the way of

factual background. The following is what we are able to piece together. Richardson, who suffers from an unspecified visual impairment, was an undergraduate student at UIC from 1989 until 1992, when he withdrew "because of increasing financial indebtedness." Then, in or around January 2003, Richardson began the application process for re-admission to the University. He was accepted to the University for the 2003 summer semester, but alleges that he was prevented from registering for classes because he is visually impaired. Further, at some point during his initial enrollment at the University, he contends he was denied both entry into the University's "work-study program," and "reasonable accommodations," again because of his disability.

In addition to the University itself, the complaint is brought against the following University employees: Dr. M. Tanner (Provost), Dr. Barb Henley (Vice Chancellor for Student Affairs), Dr. D. Gislason (Vice Chancellor for Research), Dr. Charles Rice (Vice Chancellor for Health Affairs), Dr. J. Forester (Interim Deputy Vice Chancellor for Administration), Renee McGee (Office of Credit and Collections), Karen Bills (Office for Access and Equity), and Maureen Amos (Office of Financial Aid). The complaint alleges "disability discrimination, retaliation discrimination, coercion discrimination, ethnic discrimination, color discrimination, gender discrimination, national origin discrimination, theological discrimination, age discrimination,

and other discrimination with malice afore-thought [sic], libel, slander, and malfeasance," all in violation of the ADA, the Rehabilitation Act, Titles VI, VII and IX of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d, 2000d, and 2000h, *et seq.*, 42 U.S.C. § 1983, and the Equal Protection Clause of the Fourteenth Amendment.

This complaint fails to state a claim upon which relief can be granted. Under liberal federal notice pleading, complaints need not set forth all relevant facts nor recite the law. All complaints, however, even those filed by *pro se* litigants, must at least provide "a short and plain statement of the claim that will give defendant fair notice of what the plaintiff's claim is *and the grounds upon which it rests.*" Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (citations and internal quotation marks omitted) (emphasis added); see Fed.R.Civ.P. 8(a)(2). And, "[f]or fair notice to be given, a complaint must at least include the operative facts upon which a plaintiff bases his claim." Kyle v. Morton High School, 144 F.3d 448, 455 (7th Cir. 1998) (internal quotations and citations omitted); see also Panaras v. Liquid Carbonic Indus. Corp., 74 F.3d 786, 792 (7th Cir. 1996) ("While federal notice pleading allows for a generous reading of a complaint . . . the complaint must at least set out facts sufficient to outline or adumbrate the basis of the claim."). Even

in the light of the generous reading we must give Richardson's complaint, we are unable to discern *any* factual basis for his discrimination claims.

Richardson asserts that he was denied both entry into the University's work-study program and "reasonable accommodations" because of his visual impairment. But these bald conclusions are the entirety of his allegations. And while a plaintiff may plead conclusions, it will be insufficient if, as here, they do not provide defendants with at least minimal notice of the grounds for the claim. See Kyle, 144 F.3d at 455-56.

As for Richardson's third contention – that he was not allowed to register for classes because of his impairment – the minimal facts we are able to glean, from attachments to the complaint, only serve to undermine his claim of discrimination. One attachment is a copy of a May 10, 2003 letter signed by Richardson and addressed to the "Office of the Provost and Vice Chancellor." In the letter, Richardson complains of difficulties he encountered when, on May 6, 2003, he attempted to register for classes for the upcoming summer semester. Specifically, Richardson was told by a person working at the University's financial aid office that a "hold" had been placed on his registration because his account with the University showed an outstanding balance from his prior enrollment. A second attachment, which appears to be a copy of a May 6, 2003 statement of Richardson's University account,

reflects that he then had a past due balance of $6301.61. Taken together, the only *reasonable* inference to be drawn from these attachments is that Richardson was not allowed to register for classes because he still owed the University money, not because of his visual impairment. Absent any facts from which to draw a contrary inference, and there are none, Richardson fails to state a claim on this allegation.

In sum, Richardson's complaint consists only of bare-bones conclusory (or contradictory) allegations and fails to provide any facts, even in the most general terms, which could support his claims for discrimination. What is it that each defendant did, *i.e.*, what was their conduct, that Richardson believes shows that they discriminated against him because of his visual impairment? Without any notice of these facts, defendants are not in a position to meaningfully respond to the complaint. See Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 421 n.5 (7th Cir. 1994) ("[A] complaint need only set out a generalized statement of facts from which the defendant can craft a responsive pleading. Fed.R.Civ.P. 8."). Accordingly, the complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Since the complaint's deficiencies *may* be curable, Richardson may have until April 30, 2004 to file an amended complaint. If he chooses to do so, the complaint shall describe, in plain English, what each defendant did that he believes was

discriminatory. Moreover, though not a separate ground for dismissal, any amended complaint shall be free of the legal argument and lengthy recitations of law which clutter the present complaint. Again, all that is required is a short, plain statement of the facts.

A final matter remains. Subsequent to filing his complaint and *in forma pauperis* application, Richardson filed a pleading entitled "Petition for an Extraordinary Writ, Motion for Hearing on the Merits, and Petition for Change of Venue." By this pleading, Richardson seeks to transfer the case back to the District of the District of Columbia. For the reasons set forth in that court's June 3, 2003 order, the motion is denied. The pleading also appears to seek a declaration that the Local Rules of the Northern District of Illinois relating to *in forma pauperis* applications are unconstitutional. Apart from being wholly undeveloped, this request for relief has no basis in law or fact, and therefore is denied as frivolous.

## CONCLUSION

For the foregoing reasons, Richardson's application to proceed *in forma pauperis* and his "Petition for an Extraordinary Writ, Motion for Hearing on the Merits, and Petition for Change of Venue" are both denied. Richardson's complaint is dismissed without prejudice to refiling an amended complaint. If an amended complaint is not filed by April 21, 2004, the dismissal will be

with prejudice.

DATE: March 31, 2004

ENTER: _____
John F. Grady, United States District Judge