# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| K. GARTH-RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 5406 |
| ) | |
| UNIVERSITY OF ILLINOIS AT CHICAGO, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff K. Garth-Richardson filed a *pro se* complaint against the University of Illinois at Chicago and several of its employees alleging various forms of discrimination in connection with his enrollment and accommodations at the university. Along with his complaint, Richardson filed a petition to proceed *in forma pauperis*.

Although we found that Richardson was unable to pay court costs, we dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Our dismissal was without prejudice and Richardson filed an amended complaint. Like his original complaint, Richardson's amended filing failed to provide defendants fair notice of the factual basis for his claims. See Kyle v. Morton High School, 144 F.3d 448, 455 (7th Cir. 1998) ("For fair notice to


be given, a complaint must at least include the operative facts upon which a plaintiff bases his claim.") (internal quotations and citations omitted); Panaras v. Liquid Carbonic Indus. Corp., 74 F.3d 786, 792 (7th Cir. 1996) ("While federal notice-pleading allows for a generous reading of a complaint . . . the complaint must at least set out facts sufficient to outline or adumbrate the basis of the claim.") (internal quotations and citation omitted). We therefore dismissed the amended complaint, this time with prejudice.

Richardson has now filed a petition for leave to appeal *in forma pauperis*. We must deny the petition if we find that the appeal is not taken in good faith. See 28 U.S.C. § 1915(a)(3). In Hains v. Washington, 131 F.3d 1248, 1250 (7th Cir. 1997), the Seventh Circuit held that although it is "theoretically possible" for an appeal from a § 1915A dismissal for failure to state a claim to be taken in good faith, it would have to be an "exceptional case" where "a plaintiff . . . appeals a close question."[1] This is not one of those exceptional cases. The amended complaint patently fails to provide defendants with sufficient facts from which each defendant can craft a responsive pleading.

Accordingly, we hereby certify that Richardson's appeal is

---

[1] Although Richardson's amended complaint was dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), and not § 1915A, it is a distinction without a difference. The grounds for dismissal under the provisions are identical. Compare 28 U.S.C. § 1915A(b) with 28 U.S.C. § 1915(e)(2)(B).

not taken in good faith and his petition to proceed on appeal *in forma pauperis* is denied.

DATE:     February 7, 2005

ENTER:    _____
          John F. Grady, United States District Judge